# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

LEROY TREADWELL,      )
 #257177,            )
                          )   CIVIL ACTION NO. 0:07-2346-CMC-BM
         Petitioner,  )
                          )
v.                        )
                          )
COLIE RUSHTON, Warden of  )
McCormick Correctional Institution, )   **REPORT AND RECOMMENDATION**
                          )
         Respondent.  )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on July 12, 2007.[1]

The Respondent filed a return and motion for summary judgment on October 31, 2007. As the Petitioner is proceeding pro se, a <u>Roseboro</u> order was filed on November 2, 2007, advising Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case.

After receiving an extension of time, Petitioner filed a response in opposition to summary judgment on January 4, 2008. This matter is now before the Court for disposition.[2]

---

[1]Filing date per <u>Houston v. Lack</u>, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



## **Procedural History**

Petitioner was indicted in October 1998 in Charleston County for assault on a police officer while resisting arrest [Indictment No. 98-GS-10-6999], shoplifting, more than third offense [Indictment No. 98-GS-10-7000], and assault and battery of a high and aggravated nature (ABHAN) [Indictment No. 98-GS-10-7001]. (R.pp. 236-237, 242-243, 248-249). Petitioner was represented by Drew Carroll, Esquire, and pled guilty to the charges on March 25, 1999.[3] (R.pp. 138-164). The trial judge sentenced Petitioner to three years, concurrent, on the shoplifting charge; seven years, concurrent, for assault on a police officer while resisting arrest; and ten years, concurrent, on the ABHAN charge. (R.pp. 164, 241, 244, 250). Petitioner did not appeal his sentences and/or convictions.

On July 8, 1999, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Treadwell v. State of South Carolina, No. 99-CP-10-2526. Petitioner raised the following issues in his APCR:

> 1. Ineffective assistance of counsel -counsel should have argued that the trial court did not have jurisdiction to accept Applicant's guilty plea to shoplifting or sentence him under § 16-13-110(B)(2) "since no evidence or testimony was presented during trial which indicated that the value of the alleged[ly] shoplifted items exceeded one thousand dollars."
>
> 2. "The Applicant also contends that the court lacked jurisdiction to accept hiss guilty plea to the shoplifting offense under § 16-13-110 subsection (B)(2) because the indictment in the instant case did not allege that the value of the alleged[ly] shoplifted items exceeded one thousand dollars."
>
> 3. Trial counsel was ineffective for failing to inform the Applicant of the value requirement of the shoplifting statute and Counsel was also ineffective for failing to argue to the court.

---

[3] A jury trial had already begun on the charges at the time the Petitioner decided to enter his guilty plea. (R.pp. 1-138).



4. Appellant was not informed of his right to appeal.

(R.pp. 169-175).

Subsequently, Petitioner filed an amended PCR petition raising the following additional issues:

1. The Circuit Court lacked Subject Matter Jurisdiction to accept the Applicant's guilty plea to Assault and Battery of a High and Aggravated Nature because of the defects in the indictment.

2. Counsel was ineffective for failing to argue that the Applicant's convictions violates the rule against double jeopardy.

3. Counsel was ineffective for failing request a competency hearing on behalf of the Applicant prior to trial or the guilty plea stage of this case.

(R.p. 182).

Petitioner was represented in his APCR by Demal I. Mattson, Esquire, and an evidentiary hearing was held on Petitioner's application on July 28, 2000.   (R.pp. 201-228). On January 19, 2001, the PCR judge entered an order denying Petitioner's claims and dismissing the petition with prejudice.  (R.pp. 230-235).

Petitioner then filed a Petition for Writ of Certiorari.  Petitioner was represented on appeal by Tara S. Taggart, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, and raised the following issue:

Whether the trial court lacked subject matter jurisdiction to accept petitioner's plea to assault and battery of a high and aggravated nature where the indictment did not specify which circumstance of aggravation petitioner was being called upon to answer.

See Petition, p. 2 (Respondent's Exhibit Two).

On January 9, 2002, the South Carolina Supreme Court denied Petitioner's appeal. Treadwell v. State, (S.C.Sup.Ct. filed Jan. 9, 2002)(Respondent's Exhibit Four). The Remittitur was issued on January 25, 2002.  (Respondent's Exhibit Five).

3



Following the denial of his PCR appeal, Petitioner filed two documents in Charleston County Circuit Court, both titled Petition for Writ of Habeas Corpus. One of these petitions was filed on August 27, 2002 [02-CP-10-3555](Respondent's Exhibit Six), while the other was filed on September 9, 2002 (02-CP-10-3676)(Respondent's Exhibit Seven). In both petitions, Petitioner raised the following issue:

> The court err[ed] in improperly having subject matter jurisdiction to accept the Petitioner plea to assault and battery of a high and aggravated nature where the indictment did not specify which circumstance of aggravation Petitioner was being called upon to answer.

See Petition, p. 3 (Respondent's Exhibit Six)(Respondent's Exhibit Seven) and (Respondent's Exhibit Eight).

The State did not file a Return and Motion to Dismiss these petitions until October 26, 2004. (Respondent's Exhibit Nine). Since a PCR applicant is generally not allowed to pursue two PCR proceedings regarding the same conviction, the two cases were ordered consolidated, with the petition filed on September 9, 2002 being treated as an amendment to the Petition filed August 27, 2002. (Respondent's Exhibit Ten). The Petitioner thereafter filed a document dated July 12, 2005, raising the following two additional issues:

> 1. The trial court erred in improperly having subject matter jurisdiction to accept the Petitioner's plea to assault and battery of high and aggravated nature, where the indictment did not specify which circumstance of aggravation petitioner was being called upon the answer.
>
> 2. Petitioner received ineffective Assistance of Appellate Counsel in that counsel was unwilling to present documentation on appeal and ignored substantial, meritorious issues with the record.

See Petition, p. 2 (Respondent's Exhibit Twelve).

On July 20, 2006, the state court filed a Conditional Order of Dismissal indicating its

4



intent to dismiss the petition for writ of habeas corpus with prejudiced unless Petitioner provided sufficient, specific reasons, factual or legal, why the petition should not be dismissed in its entirety. (Respondent's Exhibit Fifteen). Petitioner filed a response on August 4, 2006; (Respondent's Exhibit Seventeen); but the state court judge summarily dismissed the Petition on October 3, 2006. (Respondent's Exhibit Eighteen). The Respondents served a copy of the Order on the Petitioner on October 18, 2006; (Respondent's Exhibit Eighteen); and Petitioner did not appeal from this Final Order.[4]

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

> **Ground One:** The trial court erred in improperly having subject matter jurisdiction to accept the Petitioner's plea to assault and battery of a high and aggravated nature where the indictment did not specify which circumstance of aggravation Petitioner was being called upon to answer.

> **Ground Two:** Petitioner received ineffective assistance of appellate counsel in that counsel was unwilling to present the medical report on appeal and "ignored substantial, meritorious issues with the record from medical."

See Petition, Attachment A.

## Discussion

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

---

[4]While Petitioner was pursuing the above referenced state habeas petition, he also (apparently) submitted a copy of the same pleading to the South Carolina Supreme Court. A copy of this document is not in the record. On April 19, 2006, the South Carolina Supreme Court filed an Order dismissing this Petition for Habeas Corpus. (Respondent's Exhibit Thirteen).



the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas

Corpus Rules 5-7. Further, while the Federal Court is charged with liberally construing a pleading

filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto,

405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction

does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth

a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where

none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent contends in his motion, inter alia, that the entire Petition is subject to

dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court

within one (1) year following the exhaustion of his state court remedies. As provided by statute, this

limitation period runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the
> Supreme Court, if the right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review

with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection. 28 U.S.C. § 2244(d)(1).



Petitioner's state court convictions became final on April 5, 1999.[5]  Rule 203(b)(2), SCACR.   By the time Petitioner filed his APCR on July 8, 1999, ninety-three (93) days had passed from when his convictions had become final.  The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until January 25, 2002, when the  Remittitur was sent after the South Carolina Supreme Court denied certiorari.  See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris, 209 F.3d at 328 [running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at *1 (9th Cir. May 3, 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002).

By the time Petitioner filed his state habeas petition on August 27, 2002, an additional two hundred and thirteen (213) days of non-tolled time had passed since the disposition of his APCR. Respondent argues that since Petitioner's state habeas petition was not a "properly filed" petition,

---

[5]A review of the calendar year for the year 1999 reflects that April 4, 1999, the tenth day of Petitioner's conviction, was a Sunday.  Therefore, he had until the following Monday, April 5, 1999, to serve his notice of appeal.  See Rule 234(a), SCACR. Because Petitioner did not file a direct appeal, the ninety (90) day period for seeking certiorari from the United States Supreme Court is not included. Pfeil v. Everett, 9 Fed.Appx. 973, 977 (10th Cir. 2001) ["Because [Petitioner] did not file a direct appeal to the [state] Supreme court, the ninety-day time period for appeals to the United States Supreme Court did not extend the date that his judgment and sentence became final."].  See e.g., Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) [where Petitioner appealed to the state Supreme Court, direct review concludes at expiration of time for seeking certiorari from United States Supreme Court]; 28 U.S.C. § 1257 [United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"]; U.S.Sup.Ct.R. 10(b) [certiorari considered where "state court of last resort" has decided important federal question]; U.S.Sup.Ct.R. 13 [time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort]; Rule 203(b)(2), SCACR [10 day requirement for filing of Notice of Appeal from criminal conviction].



the time during which it was pending does not toll the statute of limitations. However, it is not necessary to even reach that issue in this case, as Petitioner's federal Petition is untimely even assuming the time period *was* tolled while Petitioner's state habeas action was pending. After Petitioner's state habeas action was dismissed on October 3, 2006, the Petitioner did not appeal that decision. Therefore, the proceedings became final on November 17, 2006, thirty (30) days after Petitioner was served with the final order in that action on October 18, 2006.

By the time Petitioner then filed this federal habeas petition on July 12, 2007, two hundred and thirty-six (236) days of additional non-tolled time had accrued since the final disposition of his state habeas petition (including the time to appeal). When the pre-PCR time period (93 days), the post- PCR time period prior to Petitioner's filing of his state habeas petition (213 days), and the post-state habeas time period (236 days) are added, over five hundred and forty-two (542) days of non-tolled time passed from when Petitioner's period of limitations started to run on April 5, 1999, and the filing of this federal petition, a time period well outside of the one (1) year federal statute of limitations.

While Petitioner argues that his claim regarding lack of subject matter jurisdiction can be raised at any time, his ability to challenge the state court's subject matter jurisdiction "at any time" should "actually be phrased 'at any time he is in state court'". Thompson v. Perry, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007)["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew v. Pancake, No. 07-37, 2007 WL 4302429 at *4 (W.D.Ky. Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"]. Hence, Petitioner has failed to timely file this federal petition, and he is therefore barred from seeking federal habeas relief.



Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

### Conclusion

Based on the foregoing, the undersigned has no choice but to recommend that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

April 10, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

